UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| TENOLA OLIVER, on behalf of herself and all others similarly situated, | ) CASE NO. 3:18-cv-00127 ) |
| Plaintiff, | ) ) JUDGE THOMAS M. ROSE ) |
| vs. | ) ) |
| RELX INC. d/b/a LEXIS NEXIS, | ) **JOINT MOTION FOR APPROVAL OF** ) **SETTLEMENT AND STIPULATION OF** ) **DISMISSAL WITH PREJUDICE** |
| Defendant. | ) ) |

The Parties respectfully move this Honorable Court to review the Parties' Confidential Settlement and Release Agreement (the "Settlement") and for an Order approving the Settlement as fair and reasonable.  In support of this motion, the Parties state:

1.     On April 18, 2018, Plaintiff Tenola Oliver filed a Complaint against RELX Inc. d/b/a LexisNexis ("LexisNexis")  asserting claims for alleged unpaid overtime wages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (the "FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03 (the "Action").  (Doc. 1.)

2.     In the Action, Plaintiff alleges that, while working for LexisNexis as a Telephonic Account Executive, she was denied overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek.  (*Id*.)

3.     In addition to asserting claims on her own behalf, Plaintiff Oliver asserted her FLSA claims on behalf of a putative collective of other "similarly situated" pursuant to 29 U.S.C. § 216(b), while asserting her state claw claims as class claims under Fed. R. Civ. P. 23. (Doc. 1.)

4. On May 30, 2018, LexisNexis filed an Answer, denying all of Plaintiff's claims. (Doc. 13.) LexisNexis continues to vehemently deny Plaintiff's claims and allegations. LexisNexis maintains, among other things, that it paid Telephonic Account Executives, including Plaintiff, properly for all work time, including any hours worked in excess of 40 per workweek.

5. On June 29, 2018, Plaintiff filed her Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 15.) LexisNexis filed its Opposition Brief on July 30, 2018. (Doc. 19.) Plaintiff filed her Reply Brief on August 15, 2018. (Doc. 22.)

6. On October 24, 2018, the Court granted Plaintiff's Motion for Conditional Certification and authorized the distribution of notice about this lawsuit, and the opportunity to join it, to all current and former Telephonic Account Executives employed by LexisNexis between April 18, 2015 and October 14, 2018. (Doc. 23.)

7. On November 14, 2018, the Parties filed a Joint Notice of Filing Plaintiff's and Defendant's Proposed Notice to Potential Class Members (Doc. 14), which the Court approved by order on the following day. (Doc. 15.)

8. On December 7, 2018, the Notice was mailed and emailed to potential class members, and the Notice Period closed on January 21, 2019. (Exhibit 2, Declaration of Chastity L. Christy, ¶ 20.)

9. A total of ten (10) individuals, including Plaintiff, filed written consent forms to join this lawsuit. In addition to Plaintiff Oliver, the nine Opt-In Plaintiffs are: Hannah Barnhorn, David Burton, Jackie Cangelosi, Paul Doll, David Koverman, Susan Lewis, Gary Mumm, Jason Ponds, and Elizabeth Wilkes (together with the Named Plaintiff, the "Plaintiffs"). (*Id*. at ¶ 21.)

10. Between June 2019 and July 2019, the Parties exchanged fulsome information,

2

records, and wage-and-hour related data to permit the Parties and their respective counsel to evaluate one another's claims and defenses. (*Id*. at ¶ 26.)

11. Between July 17, 2019 and December 23, 2019, the Parties engaged in arms-length, comprehensive, and adversarial settlement negotiations, including the exchange of letters and discussions between counsel for the Parties detailing their respective legal and factual positions and disagreements. (*Id.* at ¶ 27.)

12. On December 23, 2019, after extensive discussions and negotiations based upon their independent calculations and assessments of the facts and inform, the Parties reached an agreement in principle to settle this Action. The Parties filed a notice of settlement on January 28, 2020. (Doc. 31.)

13. LexisNexis continues to deny all of Plaintiff's material allegations and claims in this lawsuit, continues to deny any wrongdoing under the FLSA or the OMFWSA, and maintains that it compensated Telephonic Account Executives properly for all work time, including any hours worked in excess of 40 per workweek. Nevertheless, in order to avoid the expense and burden of litigation, as well as the disruption it would continue to present to LexisNexis's business, the Parties have finalized an agreement to settle this lawsuit on the terms set forth in the Confidential Settlement and Release Agreement attached as Exhibit 1.

14. The Parties agree that the Agreement reflects a reasonable compromise of the disputed issues.

15. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA. (*Id.* at ¶ 28.) The Parties also dispute the amount of overtime compensation to which Plaintiffs would

be entitled if such liability were established. These liability and damages issues have been the subject of discovery and factual development, as well as settlement negotiations. Finally, the Parties dispute whether Defendant acted in good faith in regard to the manner in which it compensated Plaintiffs, which finding would eliminate Plaintiffs' potential recovery of liquidated damages, and whether Defendant willfully violated the FLSA, without which finding any recovery would be limited to two rather than three years. (*Id.* at ¶ 29.)

16. The Settlement covers Plaintiff and the nine (9) Opt-In Plaintiffs who opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id*. at ¶ 31.) Because the proposed settlement is an FLSA settlement for employees who have already opted in, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the Opt-in Plaintiffs already consented to Tenola Oliver as the Representative Plaintiff and to be bound by any settlement and/or judgement in this case, no fairness hearing is required or requested by the Parties.[1]

17. Pursuant to the Settlement Agreement, Plaintiffs will receive a total amount of $110,940.33 for settlement of their FLSA claims, which shall be apportioned as set forth below:

> (a) Plaintiffs, including the Representative Plaintiff, will receive a total gross sum of Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Six Cents ($28,709.74), less the employee share of applicable withholdings and deductions, in consideration for back wages (including overtime compensation) allegedly due under the FLSA and applicable state minimum wage and overtime laws;
>
> (b) Plaintiffs, including the Representative Plaintiff, will receive a total gross sum of

---

[1] *See Moore v. Ackerman Inv. Co*., C 07-3058-MWB, 2009 U.S. Dist. LEXIS 78725 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 6:07-CV-1680-ORL-28DAB, 2008 U.S. Dist. LEXIS 78836 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzer Enterprises, Inc.*, 6:07-CV-1754-ORL-22DAB, 2008 U.S. Dist. LEXIS 65768 (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").
.

       Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Two Cents ($28,709.74) in consideration for liquidated damages and other non-wage recovery under the FLSA and applicable state and minimum wage and overtime laws;

    (c)  Tenola Oliver, as Representative Plaintiff, will receive an additional One Thousand and Five Hundred Dollars ($1,500.00) as a representative payment for her service in this litigation and for agreeing to a general release of claims; and

    (d)  Plaintiff's counsel will receive a total sum of Fifty-Two Thousand Twenty Dollars and Eight-Five Cents ($52,020.85) for attorneys' fees and costs ($50,000 in fees and $2,020.85 in expenses) incurred in the Action.

Based on the discovery that has occurred and the information learned during that discovery, Plaintiff's counsel Chastity L. Christy believes that the proposed Settlement is in the best interests of Plaintiffs and that a gross sum of $110,940.33 is a fair compromise for their FLSA claims. (*See* Exhibit 2.)

    18.    With their Settlement, the Parties aim to fully, finally, and forever resolve their dispute, to avoid the costs, distraction and uncertainty of continued litigation, and to foreclose the possibility of future litigation between the Parties. In reaching this settlement, the Parties have agreed that no party is the prevailing party and that Defendant's agreement to settle does not constitute an admission of liability.

    19.    The Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair and reasonable and dismissing this litigation, including the claims of Plaintiff Oliver as well as Opt-In Plaintiffs Hannah Barnhorn, David Burton, Jackie Cangelosi, Paul Doll, David Koverman, Susan Lewis, Gary Mumm, Jason Ponds, and Elizabeth Wilkes, with prejudice.

    20.    The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The

Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order (*see* Exhibit 3) approving it as fair and reasonable and dismissing the case with prejudice.

Respectfully submitted this 29th day of May 2020.

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Kevin M. Young |
| Chastity L. Christy (0076977) | Kevin M. Young (admitted *pro hac vice*) |
| Anthony J. Lazzaro (0077962) | Brett C. Bartlett (admitted *pro hac vice*) |
| Lori M. Griffin (0085241) | Jade M. Gilstrap (admitted *pro hac vice*) |
| The Lazzaro Law Firm, LLC | SEYFARTH SHAW LLP |
| The Heritage Building, Suite 250 | 1075 Peachtree Street, N.E. |
| 34555 Chagrin Boulevard | Suite 2500 |
| Moreland Hills, Ohio 44022 | Atlanta, Georgia 30309 |
| Phone: 216-696-5000 | Phone: (404) 885-1500 |
| Facsimile: 216-696-7005 | Facsimile: (404) 724-1697 |
| anthony@lazzarolawfirm.com | kyoung@seyfarth.com |
| chastity@lazzarolawfirm.com | bbartlett@seyfarth.com |
| lori@lazzarolawfirm.com | jgilstrap@seyfarth.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

      I hereby certify that on May 29, 2020, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                        /s/ Chastity L. Christy
                                        Chastity L. Christy