# CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Master Settlement and Release Agreement, inclusive of its exhibits and the Opt-In Settlement & Release Forms described herein ("Agreement"), is entered into by and between RELX Inc. d/b/a LexisNexis ("LexisNexis"), on the one hand, and Plaintiff Tenola Oliver (the "Named Plaintiff"), individually and on behalf of a Opt-In Plaintiffs Hannah Barnhorn, David Burton, Jackie Cangelosi, Paul Doll, David Koverman, Susan Lewis, Gary Mumm, Jason Ponds, and Elizabeth Wilkes (together with the Named Plaintiff, the "Plaintiffs"), on the other hand.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio Western Division at Dayton entitled *Tenola Oliver v. RELX, Inc., d/b/a Lexis Nexis,* Case No. 3:18-cv-00127.

2. "Court" shall mean the United States District Court for the Southern District of Ohio Western Division at Dayton.

3. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

4. "Named Plaintiff" shall mean Tenola Oliver.

5. "Plaintiffs" shall include Named Plaintiff and Opt-In Plaintiffs Hannah Barnhorn, David Burton, Jackie Cangelosi, Paul Doll, David Koverman, Susan Lewis, Gary Mumm, Jason Ponds, and Elizabeth Wilkes.

6. "Parties" shall mean Plaintiffs and LexisNexis, and "Party" shall mean any one of the Parties.

7. "Released Period" for Named Plaintiff shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court approves the Settlement, and for the other Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the Action through and including the date on which the Court approves the Settlement.

8. "Settlement" shall mean the resolution reflected in this Confidential Settlement and Release Agreement.

## RECITALS

WHEREAS, the Named Plaintiff filed a Complaint on April 18, 2018 in the United States District Court for the Southern District of Ohio (Western Division at Dayton), which was assigned Case No. 3:18-cv-00127-TMR (the "Litigation") and which the Opt-In Plaintiffs later joined.

WHEREAS, in the Litigation, the Plaintiffs assert claims that LexisNexis violated the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as applicable state minimum wage and overtime laws,

during their respective tenures of employment with LexisNexis;

WHEREAS, LexisNexis disputes the claims and material allegations made by the Plaintiffs in the Litigation and maintain, among other things, that Plaintiffs were paid fully and properly for all hours worked under federal and state minimum wage and overtime requirements;

WHEREAS, the Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs are entitled to their claimed overtime compensation under the FLSA, whether the two-year or three-year statute of limitations applies, and whether Plaintiffs can demonstrate a willful violation of the FLSA;

WHEREAS, Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against LexisNexis, including reviewing relevant documents, and researching the applicable law and the potential defenses;

WHEREAS, based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and LexisNexis's defenses, *see* Exhibit 2; and

WHEREAS, in order to avoid the time and expense associated with continued litigation, including, for LexisNexis, the associated business disruption, Plaintiffs and LexisNexis (the "Parties") have agreed to settle the Litigation early and amicably pursuant to the terms and conditions set forth in this Agreement, which must be agreed to and executed by Named Plaintiff on behalf of herself and all other Plaintiffs;

WHEREAS, this Settlement represents a compromise of disputed claims; and

WHEREAS, the respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Litigation on the following terms and conditions:

**TERMS AND CONDITIONS**

I. **No Admission of Liability.** Plaintiffs acknowledge and agree that this Agreement reflects a compromise and will not be construed as an admission of liability by LexisNexis or any of the other Released Parties (as that term is defined in Section V.A, below) at any time, for any purpose, or under any circumstance. Neither this Agreement nor any negotiations in connection herewith will be offered as or deemed to constitute evidence with respect to any past, present, or future issue or dispute, except for purposes of enforcing this Agreement.

II. **Dismissal of Litigation With Prejudice.**

    A.    The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice..

    B.    The Parties agree that the Settlement is fair, adequate, and reasonable and will so

represent to the Court.

C. The Parties will jointly move the Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action, including the claims of Named Plaintiff and each of the other Plaintiffs, with prejudice.

D. If the Court does not dismiss the Litigation and the claims of each of the Plaintiffs with prejudice pursuant to the efforts described in this Section II, either Party has the unilateral right to void this Agreement.

III. **Consideration to be Paid By LexisNexis.**

A. **Gross Amount.** In consideration for the dismissal with prejudice of the Litigation, as well as the release of claims effected by this Agreement, LexisNexis will pay a maximum of One Hundred Ten Thousand Nine Hundred and Forty Dollars and Thirty-Three Cents ($110,940.33) (the "Gross Amount") to settle the Litigation. The Gross Amount is the "all in," maximum amount LexisNexis may be required to pay in connection with the settlement of the Litigation. LexisNexis shall provide payment of the employer's share of payroll taxes. Plaintiffs agree to pay all other taxes, if any, which may be deemed owing as a result of this Settlement.

B. **Allocation of Gross Amount.** The Gross Amount shall be allocated as follows:

1. *Alleged Back Wages (Including Overtime Pay).* LexisNexis will pay Plaintiffs, including the Named Plaintiff, a total gross sum of Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Six Cents ($28,709.74), less the employee share of applicable withholdings and deductions, in consideration for back wages (including overtime compensation) allegedly due under the FLSA and applicable state minimum wage and overtime laws. LexisNexis will allocate this gross sum and issue individual checks to Plaintiffs in the amounts specified in **Appendix 1A**. LexisNexis will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement.

2. *Non-Wage Recovery (Including Liquidated Damages).* LexisNexis will pay Plaintiffs, including the Named Plaintiff, a total sum of Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Two Cents ($28,709.74) in consideration for liquidated damages and other non-wage recovery under the FLSA and applicable state and minimum wage and overtime laws. LexisNexis will allocate this total sum and issue checks to Plaintiffs in the amounts specified in **Appendix 1A**. LexisNexis will issue IRS Forms 1099-MISC, in Box 3, to Plaintiffs to reflect these payments.

3. *Class Representative Payment*: Fifteen Hundred Dollars ($1,500.00) of the Gross Amount will be paid to Named Plaintiff Oliver as a Representative Payment for her service in the Litigation, and for agreeing to general release of claims. LexisNexis will issue to Named Plaintiff a Form 1099- MISC, in Box 3, with respect to her Class Representative Payment. Named Plaintiff will be responsible for all taxes owed with respect to her Representative Payment

4. *Attorneys' Fees and Costs*. LexisNexis will pay Plaintiffs' Counsel, The Lazzaro Law Firm LLC, a total sum Fifty-Two Thousand Twenty Dollars and Eight-Five Cents ($52,020.85) for attorneys' fees and costs ($50,000 in fees and $2,020.85 in expenses) incurred in

3

the Action. LexisNexis will issue to Plaintiffs' Counsel a Form 1099-MISC with respect to the attorneys' fees and expenses.

IV. **Timing of Payments.** LexisNexis will process and transmit to Plaintiffs' Counsel the Individual Payments to each Plaintiff, the Representative Payment to Named Plaintiff, and the attorneys' fees and expenses to Plaintiffs' Counsel within thirty (30) days after the date that: (i) the Court has approved the settlement and dismissed the Litigation, with prejudice as set forth in II.A above; and (ii) Plaintiffs' Counsel has returned to LexisNexis's Counsel an Form W-9 for Named Plaintiff and a Form W-9 for Plaintiffs' Counsel.

V. **Tax Advice, Consequences, and Indemnification.** The Named Plaintiff has not received or relied upon, for herself or for any other Plaintiffs, any advice from LexisNexis or its Counsel as to the taxability of payments received under this Agreement. As to payments treated and reported as non-wages on Form 1099-Misc., Plaintiffs shall indemnify and hold harmless LexisNexis and its Counsel for any tax due or owing by them on such payments and, except as set forth herein, will be solely responsible for any necessary reporting of her respective payments under this Agreement for purposes of federal, state, and local taxes.

VI. **Release of Claims.**

A. **Specific Release of Wage and Hour Claims.** In exchange for the monetary consideration recited in this Agreement, Plaintiffs, including the Named Plaintiff and the other Plaintiffs, agree to dismiss the Litigation (and their respective claims), with prejudice, which will fully, finally, and forever release LexisNexis and its subsidiaries, affiliates, divisions, members, shareholders, and its and their predecessors, successors, officers, directors, agents, employees, and assigns (collectively, the "Released Parties") from all claims, rights, damages, and causes of action known, unknown, pending, or ongoing under the FLSA, any applicable state minimum wage and overtime laws, and any other applicable federal, state, or local statute or common law theory involving or in any way relating to wages or hours worked (e.g., base salary, regular wages, overtime pay, premium pay, commissions, bonuses, meal periods, rest breaks, earning statements, waiting time, reimbursement, deductions, tips, etc.), as well as all related claims for any other compensation, benefits, penalties, interest, liquidated damages, damage enhancements, attorneys' fees, costs, or expenses, that are or could have been asserted in the Litigation, relating back to the full extent of the applicable statutes of limitations under the FLSA, applicable state minimum wage or overtime law, and under any other applicable federal, state, or local statute or common law theory giving rise to any such claim, through the date of the dismissal of the Litigation (collectively, the "Released Claims"). Named Plaintiff and Plaintiff's Counsel further represent that other than the claims brought in this Action, and except for the charge filed by Gary Mumm, which may or may not result in a future action, they are not currently aware of any other pending or future actions or claims by any Plaintiff against any Released Parties. .

B. **General Release of All Other Employment Claims by Named Plaintiff.**

1. In exchange for the Representative Payment set forth above, Named Plaintiff fully and completely waives, releases, and forever discharges LexisNexis and the other Released Parties from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual,

4

compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that Named Plaintiff may have against any or all of the Released Parties arising out of her employment with LexisNexis or any other fact, condition, circumstance, or occurrence whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, presently asserted or otherwise.

    2. As part of the release set out in Section B(1) above, the Named Plaintiff fully and completely waives, releases, and forever discharges the Released Parties from all other claims through the date of the execution of this agreement including, but not limited to, all claims that the Released Parties:

      a. Violated public policy, common law, or statutory law (including, but not limited to, claims for breach of contract; unjust enrichment; unpaid wages; intentional or tortious interference with contract or business relations; fraud; misrepresentation; conversion; promissory estoppel; detrimental reliance; wrongful termination; retaliatory discharge; assault; battery; personal injury; defamation; libel; slander; negligence; negligent hiring, retention, or supervision; invasion of privacy; conspiracy; intentional or negligent infliction of emotional distress and/or mental anguish; or loss of consortium).

      b. Violated LexisNexis's personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied.

      c. Failed to provide Plaintiff with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded, and/or paid, in whole or in part, by LexisNexis, violated the terms of any such benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Named Plaintiff for the purpose of preventing her from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*

      d. Retaliated or discriminated against the Named Plaintiff on the basis of race, color, national origin, ancestry, religion, whistleblower activity, age, sex, disability, handicap, sexual orientation, leave status, marital status, parental status, veteran status, source of income, or any other basis in violation of any city, local, state, or federal law, statute, ordinance, executive order, regulation, or constitution, or otherwise violated any such authority, including, but not limited to: the FLSA; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Equal Pay Act, 29 U.S.C. § 206(d); the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

    3. For the purpose of implementing a full and complete release, the Named Plaintiff expressly acknowledges that the release herein is intended to include in its effect, without limitation, claims that she did not know or suspect to exist at the time of execution hereof, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of those claims and contemplates the extinguishment of any such unknown claims.

      C.    **Release Exclusions.** The Release of Claims in this Section VI excludes the right to enforce this Agreement as well as any claims that cannot be waived by law. This includes any claim for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; and any existing rights of defense and indemnity or liability insurance coverage. Nothing in this Agreement limits my right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the U.S. Securities and Exchange Commission (SEC), the Equal Employment Opportunity Commission (EEOC), or the Occupational Safety and Health Administration (OSHA) under any law protecting such rights. Each Plaintiff gives up, however, any money or other personal benefit from LexisNexis (not a government agency) for any such claim or litigation, whether brought by the Plaintiff or on his or her behalf, unless prohibited by law.

VII.    **Covenant Not to Sue or Participate in Suing**.

      A.    Plaintiffs further agree not to institute any lawsuit, proceeding, grievance, or action of any kind at law, in equity, or otherwise in any forum of any kind against any Released Parties for any Released Claims, as that term is defined in Section VI.A for all Plaintiffs and as supplemented in Section VI.B for the Named Plaintiff. Likewise, each Plaintiff agrees that they will not join, participate in, or consent to opt into any lawsuit or action as a plaintiff, intervener, or other adverse party against the Released Parties pertaining to any of the Released Claims, and that they will elect to opt out of any lawsuit or action against any of the Released Parties pertaining to any of the Released Claims, of which he or she is made an adverse member or participant. If any Plaintiff violates this promise and institutes or fails to opt out from a lawsuit or action against LexisNexis for the Released Claims, he or she shall be liable to any and all Released Parties that are party to the lawsuit or action for such Released Parties' reasonable attorneys' fees and other costs for a proven breach of this Agreement, plus any resulting damages that may be proven in a court of law.

      B.    Nothing in this Agreement prohibits any of the Plaintiffs from suing LexisNexis, or vice versa, to enforce this Agreement. In the event of breach, the non-breaching party may sue for an injunction, specific performance, and/or monetary damages resulting from any such breach, as well as reasonable attorneys' fees and costs related to the breach-of-contract lawsuit.

      C.    Plaintiffs acknowledge and agree that the Covenant Not to Sue in this Section VII is an essential and material term of this Agreement without which the Parties could not have reached a settlement. Plaintiffs further acknowledges and agrees that a breach of this Section VII is a material breach of this Agreement, and that the Released Parties will have the right to sue each or any Plaintiff for an injunction, specific performance, and/or damages resulting from any such breach, as well as reasonable attorneys' fees and costs related to the breach-of-contract lawsuit.

VIII.    **Non-Assistance.** Plaintiffs promise not to voluntarily or knowingly assist, aid, encourage, or cooperate with any other person or entity in threatening, commencing, instituting, maintaining, litigating, or prosecuting any Released Claims against any Released Parties, including, but not limited to, in any class or collective action lawsuit or arbitration proceeding, except as required by court order or by law.

IX.    **Agreement Not to Publicize; Confidentiality.** Except for seeking Court approval of the Agreement in accordance with Section II.A, above, the Parties and their respective counsel agree that they will keep confidential the fact, terms, and conditions of this Agreement (including its

exhibits and the Opt-In Settlement & Release Forms), as well as the negotiations and communications relating to the Agreement. This means that the Plaintiffs and Plaintiffs' Counsel will not, directly or indirectly, provide, transmit, divulge, disclose, reveal, quote, describe, paraphrase, summarize, publish, or in any other manner communicate to or with any other person or entity, any of the foregoing, except as required by law or as required to enforce the terms of this Agreement. Plaintiffs and Plaintiffs' Counsel will not issue any press release, make any statement, or publish any information to the media, or otherwise publicize in any medium, including but not limited to on any website, application, online forum, or online platform (e.g., Facebook, Instagram, LinkedIn, iMessage, GroupMe, Twitter, Snapchat, etc.), any information regarding any aspect of this Agreement. In response to any inquiry from anyone other than their respective accountants, tax advisors, or spouse regarding the Litigation or this Agreement, a Plaintiff will state only that the matter has been resolved.

X. **Additional Terms and Conditions.**

    A. **Attorneys' Fees, Costs, and Expenses.** Except as otherwise specifically provided herein, the Parties will bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of or related to the Litigation, including the settlement effected through this Agreement, and will not seek reimbursement thereof from any party to this Agreement. In the event of any dispute to enforce the terms of this Agreement, however, the prevailing party will be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

    B. **No Assignment.** Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including but not limited to, any interest in the Litigation, or any related action, and that any attempt to do so will be void and of no force or effect.

    C. **Controlling Law.** Except as set forth herein, this Agreement will be subject to, governed by, construed, and enforced in accordance with the laws of the State of Ohio, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws.

    D. **Jurisdiction.** The Parties will request that the Court retain jurisdiction to enforce the terms of the Settlement. In the event of an alleged breach, the non-breaching Party will first seek relief from the Court by filing a Motion to Enforce the Agreement.

XI. **Form and Execution of Agreement.**

    A. **Severability.** If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, except the specific release provision in Section VI.A and the covenant not to sue provision in Section VII, the remaining portions of the Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Parties remain materially the same.

    B. **Representation By Counsel.** Plaintiffs have been represented by counsel throughout all negotiations that preceded the execution of this Agreement. This Agreement has been executed with the consent and advice of counsel.

    C. **No Reliance on Representations or Other Evidence.** Except as provided herein, this Agreement has not been executed in reliance upon any other oral or written representations or

terms, and no such extrinsic oral or written representations or terms will modify, vary or contradict its terms. In entering into this Agreement, the Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

   D. **Counterparts.** This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, and may be signed electronically via PDF , each of which will be deemed an original of this Agreement. All counterparts of any such document together will constitute one and the same instrument. A photocopy, facsimile, or digital image of an executed counterpart will be enforceable and admissible as an original.

   E. **Entire Agreement.** This Agreement, inclusive of its exhibits, constitutes the entire agreement between the Parties with respect to the subject matter contained herein and supersedes all prior or contemporaneous negotiations between them. This Agreement will be construed as a whole according to its fair meaning and intent, and not strictly for or against any party. The Parties, each represented by experienced counsel, participated in the negotiation and drafting of this Agreement. As such, neither Plaintiffs nor LexisNexis may claim any ambiguity or vagueness in this Agreement should be construed against the other.

   F. **Modification.** This Agreement may not be modified or amended, except in writing, signed by all Parties.

XII. **Binding Effect.** This Agreement will inure to the benefit of LexisNexis, as well as its present and former owners, stockholders, predecessors, successors, joint venturers, assigns, agents, directors, officers, board members, employees, representatives, insurers, attorneys, parents, subsidiaries, benefit plans, plan fiduciaries, affiliated divisions and companies, and all persons acting by, through, under, or in concert with any of them.

XIII. **Notices.** All notices, requests, demands, and other communications required or permitted pursuant to this Agreement will be in writing and will be delivered personally, by email, or mailed, postage prepaid, by First Class U.S. Mail to the undersigned persons at their respective addresses:

| *Counsel for Plaintiffs:* | *Counsel for LexisNexis:* |
|:---:|:---:|
| Chastity Christy | Kevin M. Young |
| LAZZARO LAW FIRM LLC | SEYFARTH SHAW LLP |
| The Heritage Building, Suite 250 | 1075 Peachtree St. NE, Suite 2500 |
| 34555 Chagrin Boulevard | Atlanta, Georgia 30309 |
| Moreland Hills, Ohio 44022 | Email: BBartlett@seyfarth.com |
| Email: Chastity@lazzarolawfirm.com | Email: KYoung@seyfarth.com |

### **REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES**

Named Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf of the other Plaintiffs.  In doing so, Named Plaintiff represents that she is authorized to execute and enter into this Agreement on behalf of each of the Plaintiffs and to fully and forever resolve their respective claims. In light of each Plaintiff's authorization of Named Plaintiff to enter into this Agreement on their behalf, the Named Plaintiff represents that this

Agreement, once executed by her, shall have the same force and effect as if each Plaintiff executed this Agreement.

[*REMAINDER OF PAGE INTENTIONALLY BLANK*]

> **BY MY SIGNATURE, I REPRESENT THAT: I HAVE READ THIS AGREEMENT; I HAVE BEEN GIVEN SUFFICIENT TIME TO CONSIDER THE AGREEMENT; AND I UNDERSTAND AND VOLUNTARILY ENTER INTO THE AGREEMENT.**

**FOR LEXISNEXIS.:**

_____
Signature

Name, Title: _____

Date: _____

**NAMED PLAINTIFF TENOLA OLIVER:**          CHASTITY L. CHRISTY
                                            THE LAZZARO LAW FIRM, LLC

_____        _____
Signature                                   Signature

Date: _____     Date: _____
                                            Attorney for Plaintiff and Opt-In Plaintiffs

*Oliver v. RELX Inc. d/b/a LexisNexis*

**Appendix 1**

| Name | Indv. Payment |
|---|---|
| Barnhorn, Hannah | $25.00 |
| Burton, David | $9,935.89 |
| Cangelosi, Jackie | $1,144.30 |
| Doll, Paul | $13,408.88 |
| Koverman, David | $1,870.00 |
| Lewis, Susan | $25.00 |
| Mumm, Gary | $15,829.21 |
| Oliver, Tenola | $11,915.46 |
| Ponds, Jason | $2,152.28 |
| Wilkes, Elizabeth | $1,113.46 |