UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TENOLA OLIVER, on behalf of herself and all others similarly situated, | ) ) | CASE NO.  3:18-cv-00127 |
| | ) | |
| Plaintiff, | ) | JUDGE THOMAS M. ROSE |
| | ) | |
| vs. | ) | |
| | ) | **DECLARATION OF CHASTITY L.** |
| RELX INC. d/b/a LEXIS NEXIS, | ) | **CHRISTY** |
| | ) | |
| Defendant. | ) | |

I, Chastity L. Christy, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1.    I am one of the attorneys who represented Tenola Oliver and the Opt-In Party Plaintiffs (collectively "Plaintiffs") with respect to the settlement in the above-captioned matter.

**Professional Experience**

2.    Since September 8, 2015, I have been employed as an attorney with The Lazzaro Law Firm, LLC.

3.    The firm was founded in 2006 to advocate for the employment, overtime and minimum wage rights of employees. The firm's primary focus is litigating collective actions, class actions and individual cases for employees with overtime and minimum wage claims.

4.    The firm commonly handles claims that include misclassifying employees as exempt or as independent contractors; failing to pay for off-the-clock-work, pre-shift and post-

1

shift work, changing into and out of uniforms, meal periods, short rest periods and travel time; improper rounding of start and stop times; and improper tip pooling.

5.      Since the firm was founded, the firm has recovered over $45 million in settlement payments on behalf of employees.

6.      The firm has litigated over 100 certified collective and class actions against small and large employers, including 1-800-Flowers, Inc., Aarons, Inc., Aldi, Inc., Allied-Horizontal Wireline Services, City of Cleveland, Forever 21, Nestlé, Papa John's USA, Inc., Progressive Casualty Insurance, RadioShack Corp, and Utz Qualify Foods.

7.      Finally, since the firm was founded, the firm has filed approximately 20% of the privately filed FLSA cases brought in the U.S. District Court for the Northern District of Ohio.

8.      From July 31, 2008 through August 14, 2015, I was employed as an attorney with Caryn Groedel & Associates, Co., LPA, representing employees in employment-related matters, including wage and hour matters.

9.      From March 2004 through July 29, 2008, I was employed as an Associate, and then a Partner, at Zipkin Whiting Co., LPA, representing employees in employment-related matters.

10.     I graduated from Case Western Reserve University School of Law in 2003, and have been licensed to practice law in the State of Ohio since November 2003.

11.     I am a member in good standing of the bars of the Ohio Supreme Court, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Northern District of Ohio, and the United States District Court for the Southern District of Ohio.

12.     Since my admission to the practice of law, I have practiced almost exclusively in litigating on behalf of employees in various employment-related matters.

13. From March 2004 through the present, I have successfully litigated or assisted in litigating hundreds of employment-related matters in federal, state, and appellate courts, as well as arbitrations, and have recovered millions of dollars in settlement payments on behalf of employees.

14. From 2012 to 2018, I was named an Ohio Super Lawyers Rising Star, which is a designation awarded to the top 2.5% of all attorneys in the State of Ohio who are 40 years of age or under, or who have been practicing law for 10 years or fewer. Since 2019, I have been named an Ohio Super Lawyer, a designation awarded to the top 5% of all attorneys in the State of Ohio.

15. I have been selected to speak at multiple National Business Institute seminars and in the CMBA's 16th Annual Northern Ohio Labor & Employment Law Conference, presenting on various topics, including, but not limited to, litigating employment claims from start to finish, employment discrimination law, latest developments in employment law, and the Fair Labor Standards Act.

### Factual and Procedural Background

16. The Complaint in the above-captioned lawsuit was filed on behalf of Plaintiff with respect to her claims that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by misclassifying Plaintiff and other similarly-situated employees as "exempt", and not paying them overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek. (Doc. 1.)

17. On June 29, 2018, Plaintiff filed her Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 15.) LexisNexis filed its Opposition Brief on July 30, 2018. (Doc. 19.) Plaintiff filed her Reply Brief on August 15, 2018. (Doc. 22.)

18.     On October 24, 2018, the Court granted Plaintiff's Motion for Conditional Certification and authorized the distribution of notice about this lawsuit, and the opportunity to join it, to all current and former Telephonic Account Executives employed by LexisNexis between April 18, 2015 and October 14, 2018.  (Doc. 23.)

19.     On November 14, 2018, the Parties filed a Joint Notice of Filing Plaintiff's and Defendant's Proposed Notice to Potential Class Members (Doc. 14), which the Court approved by order the following day.  (Doc. 15.)

20.     On December 7, 2018, the Notice was mailed and emailed to potential class members, and the Notice Period closed on January 21, 2019.

21.     A total of ten (10) individuals, including Plaintiff, filed written consent forms to join this lawsuit. In addition to Plaintiff Oliver, the nine Opt-In Plaintiffs are: Hannah Barnhorn, David Burton, Jackie Cangelosi, Paul Doll, David Koverman, Susan Lewis, Gary Mumm, Jason Ponds, and Elizabeth Wilkes (together with the Named Plaintiff, the "Plaintiffs").

22.     I have vigorously represented Representative Plaintiff Tenola Oliver and the Opt-In Plaintiffs regarding their claims, have conducted a significant investigation of their claims, and have obtained a thorough familiarity with the factual and legal issues presented in their case.

23.     The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement.  Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant.

24.     The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims.  This included a complete analysis and calculations of Representative Plaintiff's and Opt-In Party Plaintiffs' overtime damages.

25.     The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions and written communications between counsel for the Parties.

26.     Between June 2019 and July 2019, the Parties exchanged information and engaged in numerous telephone discussions regarding the calculation of damages and potential resolution.

27.     Between July 17, 2019 and December 23, 2019, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

28.     The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

29.     The Parties also dispute the amount of overtime compensation to which Plaintiffs would be entitled if such liability were established. These liability and damages issues have been the subject of discovery and factual development, as well as settlement negotiations. Finally, the Parties dispute whether Defendant acted in good faith in regard to the manner in which it compensated Plaintiffs, which finding would eliminate Plaintiffs' potential recovery of liquidated damages, and whether Defendant willfully violated the FLSA, without which finding any recovery would be limited to two rather than three years.

30.     In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on December 23, 2019 (the terms are embodied in the Joint Stipulation of Settlement and Release, attached as Exhibit 1 to the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice.)

31.     The Settlement covers Plaintiff and the nine (9) Opt-In Plaintiffs who opted into the Action and consented to be bound by any settlement reached by the Parties.

5

32.     From my experience litigating this case, I believe that the proposed Settlement is in the best interests of Representative Plaintiff and Opt-In Party Plaintiffs.

33.     I also believe that the proposed Settlement is a fair, adequate, and reasonable compromise of disputed claims.

34.     The Total Settlement Amount is One Hundred Ten Thousand Nine Hundred Forty Dollars and Thirty-Three Cents ($110,940.33).

35.     Based on the records produced by Defendants, Plaintiffs' Counsel calculated that Plaintiffs were owed approximately $58,563.06 in overtime compensation for five (5) hours or $47,080.21 for four (4) hours of unpaid work per workweek over the three (3) year period.

36.     Defendant denies that Plaintiffs were owed any compensation or that Plaintiffs were misclassified.

37.     The Settlement Agreement provides that Fifty-Seven Thousand Four Hundred Nineteen Dollars and Forty-Eight Cents ($57,419.48) will be paid to Representative Plaintiff and Opt-In Party Plaintiffs for overtime compensation over the three-year statute of limitations period. As such, Plaintiffs as a group will recover approximately 122% of their overtime compensation calculated for four (4) overtime hours per week or 98% of their overtime compensation calculated for five (5) hours per week during the three-year statute of limitations.  This amount will be apportioned as set forth below:

> (a) Plaintiffs, including the Representative Plaintiff, will receive a total gross sum of Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Six Cents ($28,709.74), less the employee share of applicable withholdings and deductions, in consideration for back wages (including overtime compensation) allegedly due under the FLSA and applicable state minimum wage and overtime laws; and

> (b) Plaintiffs, including the Representative Plaintiff, will receive a total gross sum of Twenty-Eight Thousand Seven Hundred and Nine Dollars and Seventy-Two Cents ($28,709.74) in consideration for liquidated damages and other non-wage recovery under the FLSA and applicable state and minimum wage and overtime

6

laws;

38.     The Individual Payments will be calculated based proportionally on each Plaintiffs' overtime damages as calculated by Plaintiffs' Counsel using the data produced by Defendant.

39.     As such, this Settlement is fair and reasonable and provides immediate and substantial relief without the attendant risks and delay of continued litigation, including the risk of decertification, summary judgment, and trial.

40.     The Settlement provides for a separate payment as attorneys' fees to Plaintiffs' Counsel in the amount of Fifty Thousand Dollars ($50,000.00).  This fee award is reasonable in light of the benefit achieved for Plaintiffs, and is less than Plaintiffs' Counsel's lodestar.

41.     The Lazzaro Law Firm, LLC has incurred, and reasonably will incur attending to the finalization of the settlement, the following amount of hours at the corresponding hourly rates of pay: Attorney Anthony J. Lazzaro, 34.5 hours, $450.00; Attorney Chastity L. Christy, 75 hours, $450.00; and Attorney Lori M. Griffin, 25 hours, $350.00

42.     The Settlement also provides for Plaintiffs' Counsels' litigation expenses, which are $2,020.85.  All of the expenses were incurred during the course of the litigation of this action for the purpose of preserving, proving, and presenting the claims of Plaintiffs, including issuance and administration of the Notice.

43.     The Settlement also provides for a Representative Payment of Fifteen Hundred Dollars ($1,500.00) to Tenola Oliver for her service in this litigation.

*/s/ Chastity L. Christy*
Chastity L. Christy (0076977)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000

Facsimile: 216-696-7005
chastity@lazzarolawfirm.com

Signed in Cuyahoga County, Ohio,
this 28th day of May 2020.