**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| TENOLA OLIVER, on behalf of herself and all others similarly situated, | : : : : : : : : : : | |
| Plaintiff, | | Case No. 3:18-cv-00127 |
| | | Judge Thomas M. Rose |
| v. | | |
| RELX INC. d/b/a LEXIS NEXIS, | | |
| Defendant. | | |

**ENTRY AND ORDER GRANTING THE "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE" (DOC. 38) AND TERMINATING THE CASE**

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice (Doc. 38) (the "Joint Motion").  This case is a collective action with claims for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("OMFWSA").  (*See* Docs. 1, 23.)  Plaintiff alleges that Defendant violated the overtime provisions of the FLSA and OMFWSA by misclassifying Plaintiff and other similarly-situated employees as "exempt," and not paying them overtime compensation at the appropriate rate.  (*Id.*) The Notice Period has closed, and a total of ten individuals, including the named Plaintiff, filed written consent forms to join the lawsuit.  (*See* Doc. 38 at PAGEID # 277; Doc. 38-2 at PAGEID # 297.)

In the Joint Motion, the parties request that the Court:  (1) accept and approve their proposed Settlement and Release Agreement (the "Settlement Agreement") (Doc. 38-1) and find

1

that it is a fair and reasonable settlement of a bona fide dispute over the provisions of the FLSA; (2) dismiss the claims of the named Plaintiff and of the Opt-In Plaintiffs and dismiss this action with prejudice; (3) order that the parties bear their own attorneys' fees and costs except as otherwise provided in the parties' settlement; and (4) retain jurisdiction to enforce the parties' settlement. (Doc. 38.) The Court **GRANTS** the Joint Motion.

## I.    APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. CV 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *11, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

Congress made the FLSA's provisions mandatory and, except in two narrow circumstances, they are generally not subject to bargaining, waiver, or modification by contract or settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *12. The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Food Stores*, 679 F.2d at 1353. The second exception is that "a stipulated judgment [may be] entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. Thus, in reviewing a settlement proposed by the parties in a suit

brought by employees under the FLSA, a district court must determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355.

First, a district court must determine whether there is a bona fide dispute. "A bona fide dispute exists when there are legitimate questions about the existence and extent of [the] [d]efendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (internal quotation marks omitted); *see also Lynn's Food Stores*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Thus, there must be some doubt that the plaintiff-employee(s) would succeed on the merits through litigation of the FLSA claims. *Selk*, 159 F. Supp. 3d at 1172. This inquiry seeks to avoid a situation where parties negotiate around the FLSA's requirements concerning wages and overtime or otherwise manipulate the settlement process to permit the employer to circumvent its obligations under the FLSA. *Id.*; *Zego v. Meridian-Henderson*, 2016 U.S. Dist. LEXIS 113048, at *2-3, 2016 WL 4449648 (S.D. Ohio Aug. 24, 2016) (internal quotation marks omitted).

Second, "[a]fter a district court is satisfied that a bond fide dispute exists, it must then determine whether the settlement is fair and reasonable." *Selk*, 159 F. Supp. 3d at 1172; *see also Lynn's Food Stores*, 679 F.2d at 1353 (before providing approval, a court must "scrutiniz[e] the settlement for fairness"). In making this determination, district courts usually consider various factors in a totality of the circumstances approach. *Selk*, 159 F. Supp. 3d at 1173; *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14. The following factors typically "should be considered when determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range

3

of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Selk*, 159 F. Supp. 3d at 1173. Another relevant factor may be the "complexity, expense, and likely duration of the litigation," but all factors should be considered in light of FLSA provisions concerning the scope of an award in the event that the employer violated the FLSA. *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14; 29 U.S.C. § 216(b) (an employer who violates certain FLSA provisions—including those regarding minimum wage and maximum hours—shall be liable for not only the amount of unpaid wages/compensation, but also additional liquidated damages, a reasonable attorney's fee, and costs of the action). If, after considering these factors, the court "determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, then the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1173-74 (internal quotation marks omitted). Finally, "[w]here a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Jones v. Home Care Assistance of Cent. Ohio, LLC*, No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *2-3 (S.D. Ohio Dec. 9, 2019); *see also* 29 U.S.C. § 216(b).

## II. ANALYSIS

The Court finds that this case reflects a bona fide dispute between the parties over potential liability under the FLSA, including whether Plaintiff and the Opt-In Plaintiffs were properly compensated under the FLSA and/or OMFWSA, whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA, and the amount of overtime

compensation to which they would be entitled if such liability were established. (*See, e.g.,* Doc. 1; Doc. 13; Doc. 38 at PAGEID # 278-79; Doc. 38-2 at PAGEID # 298.)

The Court also finds the parties' settlement to be fair and reasonable under the FLSA. Among other things, submissions to the Court show that the parties have exchanged significant amounts of information that permitted the parties and their respective counsel to evaluate one another's claims and defenses, Plaintiff's counsel performed a complete analysis and calculation of (alleged) overtime damages for Plaintiff and each of the Opt-In Plaintiffs, the Parties engaged in comprehensive and adversarial settlement negotiations, counsel for the parties are experienced and believe that the Settlement Agreement reflects a reasonable compromise of the disputed issues, and Plaintiff's counsel provided the Court with information that establishes the reasonableness of the attorneys' fees and costs agreed to in the Settlement Agreement. (*See* Doc. 1; Doc. 13; Doc. 38; Doc. 38-1; Doc. 38-2.)

Additionally, the Settlement Agreement expressly covers Plaintiff and the Opt-In Plaintiffs, not other employees who did not opt-in to this action (*see* Doc. 38 at PAGEID # 279; Doc. 38-1 at PAGEID # 284). *See* 29 U.S.C. § 216(b); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) ("[e]ven if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him … he has no right to represent them," and "[u]ntil such consent is given, no person will be bound by or may benefit from judgment"); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).

Therefore, after evaluating the parties' settlement under the relevant standard, the Court finds it to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Lynn's*

5

*Food Stores*, 679 F.2d at 1355.  Additionally, based on the Settlement Agreement, the parties stipulate to the dismissal of this case with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii).  (Doc. 38 at PAGEID # 280.)  The parties also agree to bear their own attorneys' fees and costs except as otherwise provided in the Settlement Agreement.  (*Id.*)  The Court will retain jurisdiction to enforce the parties' settlement.  Therefore, the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice (Doc. 38) is **GRANTED**, this action is **DISMISSED WITH PREJUDICE**, and this case shall be **TERMINATED** on the Court's docket.

    **DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 8, 2020.

                                                s/Thomas M. Rose

                                            THOMAS M. ROSE
                                    UNITED STATES DISTRICT JUDGE